JOHN E. MACADAM, Plaintiff, *v.* ALEXANDER FRANK, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, February 9, 1934.

*Rogan & Rogan*, for the plaintiff.

*J. William Hill*, for the defendant.

GARSIDE, J. The court is, with some reluctance, forced to the conclusion that on the law and the facts a case is here made out for summary judgment for plaintiff. Able counsel have presented the causes of their respective litigants in an admirable manner. No effort is made by either litigants or the attorneys to becloud the real issue by alleging facts or interposing defenses that might make for confusion or delay. There is no dispute concerning the essential facts. A clear cut question of law is presented with respect to the interpretation to be given those facts in the light of a written agreement between the parties.

The question comes before the court on motions for summary judgment in two cases bearing the same title and involving the same essential facts. In both cases the defendant has by cross-motions moved for summary judgment under the counterclaims. Plaintiff contends he is entitled to judgment in the aggregate amount of $825 on the two causes of action. Defendant, on the contrary, contends that under its counterclaims it is entitled to receive an aggregate payment of $4,000.

The parties hereto entered into two leases with respect to the front and rear portions of premises 301 East Forty-second street, borough of Manhattan, New York city. The first lease was entered into September 26, 1930, and the second March 12, 1931. The first lease contains a clause numbered 28th, reading as follows: " It is understood and agreed that the purchaser in the event of a *bona fide* sale, or any subsequent owner of the demised premises shall have the privilege of cancelling this lease and ending the term hereby granted, at any time on or after October 1, 1931, by giving the then tenant of said premises at least ninety (90) days prior notice served personally, or by registered mail, addressed to the tenant on the premises, of the intention to cancel the same, and the term of said lease and the rights of the tenant hereunder shall cease and determine upon the expiration of said ninety (90) days after the service of such notice as aforesaid in the same manner as though that date were the date originally set herein for the expiration of the term. Provided, however, that in the event of a cancellation of this lease at any date between October 1, 1931, and October 1, 1933, the owner of the demised premises shall pay to the tenant, or his successors, the sum of Two thousand (2,000.00) Dollars; and in the event that the lease shall be terminated at any date between October 1, 1933, and October 1, 1934, the owner shall pay to the tenant the sum of One thousand five hundred (1,500.00) Dollars."

The second lease contained a clause numbered 29th, identical in language, except for some difference in the penalties.

In the month of July, 1933, the defendant being in default with respect to the rent under both leases, a summary dispossess proceeding was brought by the landlord, by virtue of which a warrant was issued but never served, the defendant having voluntarily vacated the entire premises following the commencement of the dispossess proceeding.

It is the contention of the plaintiff that a proper construction of the above-recited clause in the lease makes the defendant responsible for unpaid rent up to the date of the removal, and that he is entitled to summary judgment therefor. The defendant, on the contrary, contends that not only is the plaintiff not entitled to summary judgment for rent, but that the defendant is entitled to summary judgment in the amount of the bonus agreed to be paid by virtue of the provisions of the lease above recited.

The fact that this is a case involving a landlord and tenant does not require that the court employ less of logic or reasoning than it otherwise would. It is true that all courts, and particularly this court, with respect to controversies between humble litigants where the amounts involved are small, and particularly where the question of shelter for the family is concerned, should administer the law with the largest possible measure of humane consideration and the least amount of technical legal construction consistent with orderly social procedure. Such principles, however, have no application in the settlement of controversies as between practical and successful men of affairs dealing at arms' length with respect to business properties and with the benefit of advice of counsel. Whether their relation be that of landlord and tenant or buyer and seller, they are presumed to mean what they say when they enter into agreements in writing. If a measure of hardship results from the fair and reasonable construction of their agreements it is because they have bargained less wisely than carefully.

On its face it might seem to the partially informed that the defendant herein, having expended a large sum of money in improving the property, which, as he now contends, benefits the plaintiff, and having been ousted as lessee, should not be required to pay the defaulted rent, particularly when if the lease had been terminated under other and different circumstances the defendant would have been entitled to receive a large bonus. In one sense it may not be altogether just. Courts, however, do not always administer absolute justice, or presume to. At times their function is to settle controversies in the light of orderly judicial procedure. Such is the function of the court in the case before it. Whether the original leases were fair the court is not called upon to decide. Whether the ousting of the tenant for non-payment of rent was fair the court

is not called upon to decide. We are simply called upon to interpret as between two business men the language of an agreement they solemnly entered into, and with respect to the construction of which they now disagree.

The court is of the opinion that the cancellation intended by the language of the clause in question was a cancellation effected after the sale of the property to a *bona fide* purchaser thereof, who might, for reasons of his own, desire to have the premises vacated by the tenant. It was obviously intended to protect both parties. It gave the landlord freedom to bargain and sell, knowing exactly what it would cost to be rid of the tenant. For the tenant it provided a substantial cash bonus in the event he were asked to leave under such circumstances. The clause was clearly intended to serve a definite function in the event of sale. There was no sale of the premises and there was no cancellation in the sense intended.

Even assuming the correctness of defendant's contention that the clause in question was faultily drawn in that it failed to distinguish between a cancellation by the then owner and a cancellation by the subsequent owner (which contention the court disputes), and assuming that the then owner, irrespective of sale, would be required to pay the bonus in the event of cancellation, the court is still of the opinion that there was no such cancellation as the agreement contemplated, notwithstanding section 1434 of the Civil Practice Act, cited by the defendant. Summary dispossess proceedings may as a matter of law result in a cancellation of the lease with a view to definitely terminating the relationship of landlord and tenant, but such a cancellation was not that intended by the parties hereto, a voluntary surrender of the premises by a tenant in good standing and payment to him of a bonus for getting out. There is no doubt that under section 1434 of the Civil Practice Act the relationship of landlord and tenant is canceled and terminated. The controversy before the court, however, concerns a period which antedates the termination of the relationship of landlord and tenant. The construction of the clause contended for by the defendant would result in a landlord having to pay a premium to a tenant in default in order to regain possession of his own premises. It is not reasonable to conclude that such was the intention of the parties.

The court, therefore, finds on the law and facts that plaintiff is entitled to summary judgment in both actions and his motions are accordingly granted. It follows that defendant's cross-motions for summary judgment are both denied. Submit order accordingly.